1 | **ENSO LAW, L.L.P**
2 | DAVID R. WELCH (SBN 251693)
3 | MARCUS WHITTEMORE (SBN 343279)
  | 500 SOUTH GRAND AVENUE, SUITE 1800
4 | LOS ANGELES CALIFORNIA 90071
  | TELEPHONE: (213) 596-9008
5 | EMAIL: LITIGATION@ENSO.LAW

Attorneys for Plaintiff HEXLASTUDIOS LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| HEXLASTUDIOS, a Wyoming Limited Liability Company, <br><br> PLAINTIFF, <br><br> v. <br><br> MARIAH ANGELIQUE PEREZ also known as Mariah Angeliq, an individual; URBAN OUTFITTERS, Inc., a Pennsylvania Corporation; PENSKE MEDIA CORPORATION, a Delaware Corporation, and DOES 1 through 10, Inclusive <br><br> DEFENDANTS. | Case No.: <br><br> **COMPLAINT FOR:** <br><br> 1) **COPYRIGHT INFRINGEMENT;** <br> 2) **INDUCING COPYRIGHT ; INFRINGEMENT** <br> 3) **UNFAIR COMPETITION; AND** <br> 4) **VIOLATION OF THE VISUAL ARTISTS RIGHTS ACT** <br><br> DEMAND FOR JURY TRIAL |

Defendant HEXLASTUDIOS LLC, (also referred to as "HEXLASTUDIOS" or "Plaintiff") by and through its attorneys of record, Enso Law L.L.P., allege upon information and belief, as follows:

## NATURE OF THE ACTION

1. This action arises from the all-too-common practice in the entertainment industry of large companies profiting from the theft of intellectual property owned and created by young and gifted artists. The instant complaint started with a request by Defendant Mariah Angeliq ("MARIAH") to Plaintiff's owner, Abdulla Webster, in 2021. MARIAH, a famous Latina music recording artist, requested Mr. Webster take photographs of her for non-commercial use. MARIAH did not compensate Plaintiff or Mr. Webster for the photoshoot.

2. Both MARIAH and Mr. Webster were pleased with the results, specifically one photo, which is attached to this complaint as Exhibit 1 (the "Photograph"). Before, during, and after the photoshoot, Mr. Webster put MARIAH on notice that the Photograph belonged to Mr. Webster's company, HEXLASTUDIOS, and that she may only post the Photograph for non-commercial purposes on social media, so long as she attributed the work to Mr. Webster and HEXLASTUDIOS.

3. A week after the photoshoot, MARIAH's representative requested Mr. Webster provide her with a copy of the Photograph. Knowing MARIAH was put on notice of HEXLASTUIDOS rights under to the Photograph and the narrow promotional use MARIAH was permitted, Mr. Webster provided MARIAH with the Photograph.

4. MARIAH had no intention of abiding by her limited license to use the Photograph only on social media and only for non-commercial purposes. Alas, this lawsuit is the result of MARIAH's duplicitous actions. Soon after receiving the Photograph, MARIAH sold the photograph to Urban Outfitters, Inc. ("URBAN

1  OUTFITTERS") and Penske Media Corporation ("PENSKE") for use in the
2  promotion of Latin Music Week, MARIAH's music release, performances during
3  Latin Music Week, for use on clothing to be sold on URBAN OUTFITTERS and
4  affiliate websites and in URBAN OUTFITTERS stores, as well as to drive traffic to
5  URBAN OUTFITTERS website and Billboard Music's website.

6      5.    Knowing of his discussions with MARIAH, Mr. Webster was shocked
7  to see the Photograph on tee shirts being sold at URBAN OUTFITTERS and on
8  commercial materials used to promote URBAN OUTFITTERS and the Billboard
9  Latin Music Week. Mr. Webster, through counsel, immediately demanded that
10 URBAN OUTFITTERS and Billboard Music remove Plaintiff's Photograph from all
11 commercial materials and off all websites.

12     6.    On December 5, 2022, the Photograph was registered with the U.S.
13 Copyright Office and was issued registration number VA 2-334-639. A true and
14 correct copy of the copyright registration is attached as Exhibit 2.

15     7.    On December 7, 2022, HEXLASTUDIOS, through counsel, sent a Cease
16 & Desist Letter (the "C&D Letter") to Defendants MARIAH and officers of URBAN
17 OUTFITTERS and PENSKE. A true and correct copy of the C&D Letter is shown in
18 Exhibit 3.

19     8.    HEXLASTUDIOS, through counsel, made URBAN OUTFITTERS and
20 PENSKE aware of the registration and again demand the immediate cessation of the
21 impermissible use of Mr. Webster's photograph. To date, Defendants are continuing
22 to profit from the theft of HEXLASTUDIOS' intellectual property.

## JURISDICTION AND VENUE

24     9.    This action arises under the Copyright Act of the United States, 17
25 U.S.C. §§ 101, et esq. and under statutory and common law unfair competition laws.
26     10.    This Court has original jurisdiction of this action under 17 U.S.C. § 501,
27 et seq., and 28 U.S.C. §§ 1338(a).Venue is proper in this district pursuant to 28 U.S.C.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, UNFAIR COMPETITION, AND INDUCING COPYRIGHT INFRINGEMENT**

1 §§ 1391(b) and (c) because the infringement occurred in this district, and each
2 Defendant either resides in this district or has substantial and continuous ties to this
3 district and under 28 U.S.C. § 1400(b) in that it is a judicial district where defendant
4 has committed acts of copyright infringement and had a regular and established place
5 of business.

## THE PARTIES

7   11.   Plaintiff HEXLASTUDIOS, LLC is a limited liability company, formed under the laws of the state of Wyoming with its principal place of business in Los Angeles, California.

10  12.   Defendant MARIAH ANGLIQUE PEREZ, AKA MARIAH ANGELIQ is a world-famous songwriter, musician, and entertainer. MARIA performs and occasionally stays in Los Angeles, California during her performances but domiciles in Miami-Dade, Florida.

14  13.   Defendant URBAN OUTFITTERS is a global clothing company with offices and employees worldwide, including Los Angeles. On information and belief, URBAN OUTFITTERS operates as a Pennsylvania corporation with a place of business at 5000 South Broad Street, Philadelphia, Pennsylvania 19112.

18  14.   Defendant PENSKE is a global media and advertising company with offices and employees worldwide, including Los Angeles, and is on information and belief a Delaware Corporation, with its principal place of business at 11175 Santa Monica Boulevard, Los Angeles CA 90025.

22  15.   The true names and capacities of the defendants named herein as DOES 1 through 10, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as DOE is legally responsible for the events and happenings hereinafter alleged and legally caused injury and damages proximately thereby to Plaintiff as alleged

herein, Plaintiff will seek leave to amend the Complaint when the true names and capacities of said DOE defendants have been ascertained. MARIAH, URBAN OUTFITTERS, PENSKE, and DOES 1 through 10 are hereinafter collectively referred to as the ("DEFENDANTS").

16. Plaintiff is informed and believes, and on that basis alleges, that each of the DEFENDANTS participated in and is in some manner responsible for the acts described in this Complaint and any damages resulting therefrom.

17. Plaintiff is informed and believes, and on that basis alleges, that each of the DEFENDANTS have acted in concert and participated with each other concerning the claims in this Complaint.

18. Plaintiff is informed and believes, and on that basis alleges, that each of the DEFENDANTS were empowered to act as the agent, servant and/or employees of each other, and that all the acts alleged to have been done by each of them were authorized, approved and/or ratified by each of them.

## **GENERAL ALLEGATIONS**

19. Plaintiff and its principal, Mr. Abdulla Webster, have developed the skill of photography over years of hard work as a photographer of still life and portraits. Through his work, Mr. Webster has developed his own style which is in high demand. Mr. Webster organized HEXLASTUDIOS to house his intellectual property and through HEXLASTUDIOS developed a website and media presence with the tradename "HEXLASTUDIOS."

20. Competing for business in Los Angeles, the entertainment capital of the world, as a full-service production company, is extremely difficult and requires the investment of money and time, continual learning about what is in-demand and most importantly, developing a style to best capture the essence of the subject and conveying its meaning and inspiration to the public.

21. Plaintiff has developed significant name recognition in the entertainment world, including in the highly competitive and profitable Los Angeles film, entertainment, and music industry. Some of Plaintiff's notable clients include Island Records, RedBull Records, and GUCCI.

22. Through years of hard work, photography has come to be a significant source of Plaintiff's income.

23. Not only has Plaintiff succeeded in developing a sustainable business through creative development, but Plaintiff has also become well-known amongst its peers and clients, many of whom are famous entertainers and studios.

24. Plaintiff was solicited by MARIAH to take the Photograph.

25. MARIAH never compensated Plaintiff for ownership or the right to use the Photograph.

26. Plaintiff provided MARIAH a limited license to use the photos for social media only, on the condition that MARIAH promoted Plaintiff and Mr. Webster as the creator of the photograph.

27. Unbeknownst to Plaintiff, MARIAH willfully and deliberately used the Photograph with disregard to Plaintiff's rightful ownership.

28. MARIAH sold the photograph to URBAN OUTFITTERS and PENSKE for use to promote MARIAH's performance at the Billboard Latin Music Week, for clothing, as well as for other events, some associated with Billboard Latin Music Week.

29. The use of Plaintiff's Photograph by all DEFENDANTS provided hundreds of thousands of dollars in commercial value to the DEFENDANTS.

30. Plaintiff, through counsel, issued a cease and desist to DEFENDANTS regarding the unauthorized publication of the Photograph. DEFENDANTS have callously and intentionally disregarded Plaintiff's demand to cease and desist all commercial use..

31. Plaintiff has filed for copyright protection of its work to deter copying and profiting from its work, the Photograph, without its permission and authorization.

32. In this case, copyright protection did nothing to deter DEFENDANTS from using Plaintiff's Photograph, without permission, for their own profit.

33. At all times relevant hereto, Plaintiff has been and still is the holder of the exclusive rights under the Copyright Act of 1976 (17 U.S.C. §§ 101 et. seq., and all amendments thereto) (the "Copyright Act") to reproduce, distribute, display, or license the reproduction, distribution, and/or display of its Photograph, which is the subject of this action.

34. Plaintiff suffered financial losses because of DEFENDANTS' actions, while DEFENDANTS profited from Plaintiff's work. DEFENDANTS not only promoted MARIAH's performances with Plaintiff's Photograph but also licensed the Photograph to, among others, URBAN OUTFITTERS and PENSKE. These actions were all done without the authorization and knowledge of Plaintiff. Because of MARIAH, URBAN OUTFITTERS, and PENSKE's wrongful and deliberate acts, Plaintiff has been harmed by the loss of revenue, the value of its copyright as well as attorneys' fees to correct the wrong committed by DEFENDANTS.

35. Plaintiff immediately informed MARIAH, URBAN OUTFITTERS and PENSKE of their illegal use of the Photograph.

36. Despite knowledge of the impermissible use, the C&D Letter sent and the subsequent registration of PLAINTIFF's photograph on December 5, 2022, MARIAH, URBAN OUTFITTERS and PENSKE willfully and intentionally continued to appropriate Plaintiff's hard work for their own profit without bearing the cost thereof.

37. DEFENDANTS capitalized on the time, money, and creativity invested by Plaintiff to take away the profits from Plaintiff that it would have realized but for their wrongful and willful acts.

38. The Photograph is an original work, registered under the Copyright Act. The certificate of registration for the Photograph is set forth in Exhibit 2. Thus, Plaintiff has exclusive rights and privileges to reproduce, distribute, and display the Photograph.

39. Attached as Exhibits 4 through 10 are a non-exhaustive sampling of infringing works committed by DEFENDANTS.

40. DEFENDANTS infringed Plaintiff's exclusive rights in the Photograph by copying, reproducing, duplicating, distributing, and displaying them and/or derivative works derived therefrom without Plaintiff's permission.

41. Each infringing copy, duplication, sale, license, or display of the Photograph, as well as the threat of continuing the same, constitutes a separate claim against DEFENDANTS under the Copyright Act. Plaintiff has sustained, and will continue to sustain, substantial damage to the value of its copyrights in that the previously described activities of the DEFENDANTS have diminished and will continue to diminish the revenues that Plaintiff would otherwise receive. In addition, DEFENDANTS have realized unlawful and unjust profits from their unauthorized and illegal copying, duplication, distribution, and display of copies of the Photograph.

42. As a direct result of the conduct of DEFENDANTS, Plaintiff has suffered and continues to suffer damages in an amount to be determined. Plaintiff was unable to realize profits from its own work.

43. DEFENDANTS have committed all the aforesaid acts deliberately, willfully, maliciously, and oppressively, without regard to Plaintiff's proprietary rights.

**FIRST CLAIM FOR RELIEF**

**Copyright Infringement – 17 U.S.C. §§ 501, et seq.**

**(Direct, Contributory, Vicarious)**

**(Against All Defendants)**

44. Plaintiff repeats and realleges the averments contained in paragraphs 1-41 as though fully set forth herein.

45. Plaintiff is the sole and rightful owner of the Photograph and copyright registration, effective as early as December 5, 2022, with United States Copyright Registration No. VA 2-334-639. *As shown in Exhibit 2.*

46. Upon information and belief, DEFENDANTS have produced, reproduced, prepared derivative works based upon, distributed, and publicly displayed Plaintiff's protected work or derivative of Plaintiff's protected work without its consent or authorization and compensation. DEFENDANTS' acts violate Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501, including Plaintiff's exclusive rights to produce, reproduce, and distribute copies of its work, to create derivative works and to publicly display its Photograph.

47. DEFENDANTS' infringement has been undertaken knowingly, and with intent to financially gain from Plaintiff's protected copyrighted work. DEFENDANTS have failed to exercise their right and ability to supervise persons within their control to prevent infringement, and they did so with intent to further their financial interest in the infringement of Plaintiff's Photograph. Accordingly, DEFENDANTS have directly, contributorily, and vicariously infringed Plaintiff's copyrighted work.

48. The above-described conduct by DEFENDANTS constitutes willful copyright infringement under the Copyright Act.

49. Because of DEFENDANTS' infringing acts, Plaintiff is entitled to its actual damages, plus attorneys' fees, and DEFENDANTS' profits attributable in an amount to be proved at trial and all other relief allowed under the Copyright Act, to the extent the same are not included as part of Plaintiff's damages.

50. In the alternative, at the election of Plaintiff, Plaintiff is entitled to recover from Defendants statutory damages of $150,000.00 per copyright infringed for DEFENDANTS' willful infringement, plus attorneys' fees.

//

## SECOND CLAIM FOR RELIEF

### Inducing Copyright Infringement

### (Against All Defendants)

51. Plaintiff repeats and realleges the averments contained in paragraphs 1-41 as though fully set forth herein.

52. DEFENDANTS have infringed Plaintiff's proprietary work by inducing others to reproduce, adapt, distribute, and publicly perform or display and otherwise transmit those works.

53. The infringement of each such work is a separate and distinct act of infringement.

54. The foregoing acts of infringement by DEFENDANTS are willful, intentional, and purposeful and in disregard of the indifference to the rights of the Plaintiff.

55. The foregoing acts constitute inducing copyright infringement of the exclusive rights of the Photograph under applicable law.

## THIRD CLAIM FOR RELIEF

### Unfair Competition

### Cal. Bus. & Prof. Code §§ 17200, et seq. and common law

### (Against All Defendants)

56. Plaintiff repeats and realleges the averments contained in paragraphs 1-41 as though fully set forth herein.

57. Section 17200 of the California Business and Professions Code prohibits unfair competition, including "any unlawful, unfair or fraudulent business act or practice…"

58. By engaging in the alleged unlawful and fraudulent conduct, DEFENDANTS have engaged in unlawful, unfair, or fraudulent business acts of unfair competition in violation of §§ 17200, *et seq*. and California common law. This conduct includes DEFENDANTS' unauthorized use of Plaintiff's copyrighted work in, among others, but not limited to, (i) promotion of MARIAH's musical performance, (ii) the Billboard Latin Music Week, (iii) the sale of clothing at URBAN OUTFITTERS, and (iv) in postings on social media and websites to increase their goodwill and brand power.

59. As an actual and proximate result of DEFENDANTS' unfair competition, DEFENDANTS have unjustly enriched themselves by, among other things, obtaining profits, depriving Plaintiff of the compensation to which he is rightly entitled, and taking credit for Plaintiff's original work. Plaintiff is thus entitled to restitution of such sums in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

**Violation of the Visual Artists Rights Act**

**17 U.S.C. §§ 106A, et seq.**

**(Against All Defendants)**

60. Plaintiff repeats and realleges the averments contained in paragraphs 1 – 42 as though fully set forth herein.

61. 17 U.S.C. § 106A – otherwise known as the Visual Artists Rights Act ("VARA") – provides the author of a work of visual art the right to claim authorship of that work.

62. Under the definitions of 17 U.S.C. § 101, a work of visual art includes a still photographic image produced for exhibition purposes only, existing in a single

copy, signed by the author; or in a limited edition of 200 or fewer copies and consecutively numbered.

63. Plaintiff produced the Photograph with the sole intent of MARIAH exhibiting the Photograph on social media and only for non-commercial purposes.

64. Plaintiff and MARIAH agreed, and Plaintiff retained the original and provided a copy of the Photograph to MARIAH.

65. Plaintiff imprinted its metadata digital signature on the Photograph with the explicit obligation that MARIAH attributed the Photograph to Plaintiff.

66. MARIAH and DEFENDANTS violated Plaintiff's rights under VARA by failing to attribute the photograph to Plaintiff and by using the Photograph in commerce to the benefit of all DEFENDANTS.

67. DEFENDANTS impermissible use of the Photograph also wrongfully implies Plaintiff's endorsement of DEFENDANTS use, product, and general business dealings which is in direct conflict with Plaintiff's integrity as the author of the photograph.

68. Plaintiff is entitled to prevent DEFENDANTS from using the modified version of the Photograph as it harms his reputation by misrepresenting his work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. For an Order enjoining DEFENDANTS, their officers, agents, employees, and those acting in concert or conspiracy with them, temporarily during the pendency of this action and permanently thereafter from:

(a). infringing, or contributing to or participating in the infringement by others the copyright in the acting in concert with, aiding and abetting others to infringe said copyright in any way;

(b). copying, duplicating, selling, licensing, displaying, distributing, or otherwise using without authorization copies of the Photograph to which Plaintiff is

owner of exclusive rights under the respective copyrights or derivative works based thereon;

2. That Defendants be required to account for and pay over Plaintiff the actual damages suffered by Plaintiff as a result of the infringement and any profits of the DEFENDANTS attributable to the infringement of Plaintiff's copyright or exclusive rights under copyright and to pay such damages to Plaintiff as to this Court shall appear just and proper within the provisions of the Copyright Act, or, in the alternative at Plaintiff's election, statutory damages for infringement of each separate copyright as set forth in 17 U.S.C. § 504;

3. For an award of costs under 17 U.S.C. § 505 or as otherwise provided by law, in an amount to be determined at trial;

4. For an award of attorneys' fees pursuant to 17 U.S.C. § 505;

5. For statutory damages, profits, and attorneys' fees under Cal. Bus. & Prof. Code §§ 17200, in an amount to be determined at trial;

6. For an award of pre-judgment interest and post-judgment interest in the maximum amount permitted by law; and

7. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff HEXLASTUDIOS LLC hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

DATED: April 26, 2023                    **ENSO LAW, L.L.P.**

By:   */s/ David R. Welch*
      David R. Welch
      *Attorneys for Plaintiff*
      *HEXLASTUDIOS LLC*